[Cite as *Lawton v. Howard*, 2016-Ohio-308.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Norman H. Lawton, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-747 |
| v. | : | (C.P.C. No. 14JU-31977) |
| Katherine S. Howard, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 28, 2016

*Norman H. Lawton*, pro se.

APPEAL from the Franklin County Court of Common Pleas

TYACK J.

{¶ 1} Norman H. Lawton is appealing from various rulings of a judge of the Franklin County Court of Common Pleas. He assigns three errors for our consideration:

> I. The trial court dismissed in error the valid judgment lien filed by the Plaintiff appellant having no payments received for contempt of court order money owed and domestic services employee completed contract supported evidence accepted by the Clerk of Court by Ohio law dismissal caused by the false statements and frivolous evidence filed in the motion to strike by the debtor defendant appellee attorney.
>
> II. The trial court dismissed in error the sanctions filed against the Attorney having sufficient facts and accurate evidence proven by the attorney's lack of legal fraud and theft tort criminal/civil knowledge violation of laws and professional conduct proceedings caused by the domestic relations proceedings citing the motion to strike frivolous and void divorce decree confused amount of $8215.79 tricking the trial court into believing that the money "owed" was paid but in fact the correct amount as specified in the judgment lien

> $ 8000 that was never paid in contempt proving the attorney's anticipatory fraud performance as expected and observed in prior related case(s) and part of the judgment lien. RC 2323.51[.]
>
> III. The trial court dismissed in error the vexatious litigation order against the party defendant Katherine S. Howard having the truthful and factual requirements cited in the motion as filed referencing RC 2323.52(C) and RC 2323.52(D) including (3).

(Sic passim.)

{¶ 2} Apparently, Lawton filed paperwork alleging that he had valid judgment liens against the property of Katherine S. Howard. An attorney contested the validity of the liens on behalf of Ms. Howard. Lawton then alleged that the attorney should be deemed a vexatious litigator and be sanctioned.

{¶ 3} The trial court judge assigned to the case ordered that a certificate of judgment filed by Lawton be stricken finding that there was no outstanding judgment against Howard. The trial court judge also denied sanctions against the attorney and refused to deem the attorney to be a vexatious litigator.

{¶ 4} The record before us provides no basis for finding the attorney who assisted Ms. Howard to be a vexatious litigator. The record also does not support Lawton's allegation that the attorney should be sanctioned.

{¶ 5} The second and third assignments of error are overruled.

{¶ 6} The first assignment of error seems to imply that, in some set of judicial proceedings, Lawton had succeeded in having Howard found to be in contempt of court and that Howard had not purged the contempt finding. A contempt finding does not constitute the kind of finding that allows a valid certificate of judgment to be granted. Without a valid certificate of judgment, no judgment lien could attach to Howard's property. The trial court judge acted correctly in striking the paperwork filed by Lawton as a certificate justifying a lien.

{¶ 7} The first assignment of error is overruled.

{¶ 8} All three assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.